No. 2534.—DANIEL CLARK OSBORN, Testamentary Executor, et als. v. JOHN C. OSBORN et als.

In a suit by executory process to enforce the payment of mortgage notes shown to be for a mixed consideration, partly for lands, and partly for slaves, an injunction taken out to prohibit the sale on the ground that the consideration of the notes is illegal, will be dissolved to the extent of the consideration shown to be for the lands, and maintained for that portion of the consideration which is shown to be for slaves. 21 An. 757, 771

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. C. Roselius* and *Alfred Philips,* for plaintiffs and appellees. *R. King Cutler,* for defendants and appellants.

WYLY, J. The defendant, John C. Osborn, has appealed from the judgment perpetuating the injunction sued out by the plaintiffs to restrain the execution of an order of seizure and sale obtained by the said defendant, against certain property inherited by them from the late Winney Hubbard, deceased. The main ground for the injunction was the slave consideration of the note, on which the order of seizure and sale was granted. It appears that in 1854, the late Winney Hubbard, from whom the plaintiffs derived title, purchased the undivided half of a plantation, and sixty-five slaves, in the parish of Jefferson, for the price of $40,000; and that the note on which this order of seizure and sale was granted, is the last installment due on said purchase. It is admitted that the value of the land was $25,000, and the slaves $15,000, embraced in said sale. There was no conventional imputation of the payments heretofore made, and under the settled jurisprudence of this State, the debt must be apportioned, and can only be enforced for the part which was not for slaves. This apportionment, under the admission of the parties, we fix at $3000, the amount of the note being $5000. 21 An. 757, 771.

It is therefore ordered that the judgment appealed from be avoided

and annulled, and it is now ordered that the injunction herein be dissolved so far as to permit the defendants to proceed with the order of seizure and sale to enforce the payment of $3000, the valid part of the mortgage note, with eight per cent. per annum interest thereon from the first day of April, 1868, and costs, and in other respects that the injunction be maintained.

It is further ordered that the defendant, John C. Osborn, pay costs of the injunction, and that the plaintiffs pay costs of this appeal.